UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

SAQUETA WILLIAMS,                          :
                                           :
                    Plaintiff              :
          v                                :
                                           :     No.
ROC NATION, LLC;  ROBERT RIHMEEK           :
WILLIAMS, a/k/a MEEK MILL;  SHAWN          :
COREY CARTER, a/k/a JAY-Z; WENNER          :
MEDIA, LLC;  AND  AMAZON.COM, INC.         :
                                           :
                    Defendants             :
_____ :

## COMPLAINT - CIVIL ACTION

AND NOW comes the plaintiff Saqueta Williams, by and through counsel, and

demands of the defendants, jointly and severally, damages for loss sustained, plus

interest, costs and damages for prejudgment delay upon the causes of action set forth in

the following:

## JURISDICTION AND VENUE

1.      Plaintiff incorporates by reference the previous paragraphs of the

Complaint as if set forth fully hereto.

2.      This Court maintains original jurisdiction over the instant claims pursuant

to 28 U.S.C.A. § 1332 as a result of the controversy between the parties exceeding the

sum or value of $75,000, exclusive of interest and costs, and is between citizens of

different States.

3.     For the purpose of diversity pursuant to 28 U.S.C.A. § 1332, the plaintiff is a citizen of the Commonwealth of Pennsylvania, defendant Roc Nation, LLC is a citizen of the state of NewYork, defendant Robert Rihmeek Williams is a citizen of the state of Georgia, defendant Shawn Corey Carter is a citizen of the state of California; defendant Wenner Media, LLC is a citizen of the state of California; defendant Amazon.Com, Inc. is a citizen of the state of Washington.

4.     Venue of this matter is properly laid in this judicial district pursuant to 28 U.S.C. §1391 upon a basis that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this judicial district.

## THE PARTIES AND RELATED ENTITIES

5.     Plaintiff Saqueta Williams is an adult individual residing within the Commonwealth of Pennsylvania.  Plaintiff may be contacted by and through counsel, Steven F. Marino, Esquire or Joseph Auddino, Esquire of Marino Associates at 301 Wharton Street, Philadelphia, PA 19147.

6.     Defendant Roc Nation, LLC is a business entity operating with an office for process of service located 540 W. 26th Street, New York, NY 10001.  At all relevant times material hereto, defendant Roc Nation, LLC was a business for profit

engaged in the industry of publishing information.  At all relevant times material hereto, defendant Roc Nation, LLC acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment.  At all relevant times material hereto, defendant Roc Nation, LLC regularly conducted business or otherwise utilized the market place of Philadelphia County.

7.     Defendant Robert Rihmeek Williams, a/k/a Meek Mill, is an adult individual with an office for the service of process located 481 Eighth Avenue, New York, NY 10001.  At all relevant times material hereto, defendant Robert Rihmeek Williams was an employee, agent, worker and/or representative of defendant Roc Nation, LLC acting within the scope of his employment.

8.     Defendant Shawn Corey Carter, a/k/a Jay-Z, is an adult individual with an office for the service of process located 540 W. 26th Street, New York, NY 10001.  At all relevant times material hereto, defendant Shawn Corey Carter was an employee, agent, worker and/or representative of defendant Roc Nation, LLC acting within the scope of his employment.

9.     Defendant Wenner Media, LLC is a business entity operating with an office for process of service located 1700 Montgomery Street, Suite 207, San Francisco, CA 94111-1023 and trades as Rolling Stone Magazine.  At all relevant

3

times material hereto, defendant Wenner Media, LLC was a business for profit engaged in the industry of publishing information.  At all relevant times material hereto, defendant Wenner Media, LLC acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment.  At all relevant times material hereto, defendant Wenner Media, LLC regularly conducted business or otherwise utilized the market place of Philadelphia County.

10.    Paul Solotaroff, is an is an adult individual and an investigative reporter. At all relevant times material hereto, defendant Paul Solotaroff was an employee, agent, worker and/or representative of defendant Wenner Media, LLC d/b/a Rolling Stone Magazine acting within the scope of his employment.

11.    Bradley Bridge, Esquire is an adult individual and an attorney at law.  At all relevant times material hereto, Bradley Bridge, Esquire was an employee, agent, worker and/or representative of the Defender Association of Philadelphia acting within the scope of his employment.

12.    Defendant Amazon.com, Inc. is a business entity operating with an office for process of service located 410 Terry Avenue N., Seattle, WA 98109-5210.  At all relevant times material hereto, defendant Amazon.com, Inc. was a business for profit engaged in the industry of technology and artificial intelligence providing service

4

on e-commerce, cloud computing, and digital streaming.  At all relevant times material hereto, defendant Amazon.com, Inc. acted to distribute downloads and streaming of video, music, and audiobooks through a paid subscription product, Amazon Prime Video.  At all relevant times material hereto, defendant Amazon.com, Inc. acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment.  At all relevant times material hereto, defendant Amazon.com, Inc. regularly conducted business or otherwise utilized the market place of Philadelphia County.

## DEFENDANTS REGULARLY CONDUCT BUSINESS IN THIS JUDICIAL DISTRICT

13.    Plaintiff incorporates by reference the previous paragraphs of the Complaint as if set forth.

14.    The defendants, jointly participated in creation, production and publishing of a documentary series *Free Meek* marketed as a 2019 true-crime documentary about the challenges of American rapper defendant Robert Rihmeek Williams, a/k/a Meek Mill following a disputed 2017 criminal conviction and subsequent violations of probation.

15.    The documentary series *Free Meek* was largely filmed on location in or about the City of Philadelphia within this judicial district.

5

16.     Subscriptions to the product Amazon Prime Video have been subject to marketing and sale to customers within this judicial district.

## GENERAL ALLEGATIONS

17.     Plaintiff incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

18.     In or about the calendar year 2008, the plaintiff Saqueta Williams submitted a Police Officer Recruit Application with the City of Philadelphia in an effort to be considered a cadndiate to become a Philadelphia Police Officer.

19.     Plaintiff Saqueta Williams completed an extensive police training program at the Philadelphpia Police Acdemy and an eighteen (18) month on-the-job probationary period.

20.     In or about the calendar year 2010, the plaintiff Saqueta Williams was employed by the City of Philadelphia to serve full time as a permemant police officer on behalf of the City of Philadelphia.

21.     Plaintiff Saqueta Williams served the City of Philadelphia faithfully as a permemant police officer during the calendar years 2010 through June 2017.

## THE CRIMINAL CHARGES LODGED AND ACQUITTAL OF
## PLAINTIFF SAQUETA WILLIAMS

22.    Plaintiff Saqueta Williams incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

23.    On or about January 25, 2017, at approximately 1:30 am, in the vicinity of 4800 block of North Broad Street, Philadelphia, PA, plaintiff Saqueta Williams was off-duty when she and her significant other were confronted by violence and aggression presented to them by a group of four (4) unknown females.

24.    At the aforementioned date, time and location, four (4) unknown females attacked, assaulted, and battered the plaintiff Saqueta Williams' significant other as plaintiff Saqueta Williams stood within the zone of danger.

25.    In an effort to deescalate the violence and rescue her significant other from suffering further harm and loss, plaintiff Saqueta Williams identified herself as a police officer, and gave the four (4) unknown females verbal commands to move away from her significant other.

26.    The four (4) unknown females refused to obey the commands of the plaintiff Saqueta Williams.

27.    In an effort to deescalate the violence and rescue her significant other from suffering further harm and loss, plaintiff Saqueta Williams drew her firearm.

7

28.    As a result of plaintiff Saqueta Williams having drawn her firearm the four (4) unknown females ceased their attack, dispersed, and the plaintiff and her significant other were able to retreat to a place of safety.

29.    On or about June, 9, 2017, as a result of having drawn her firearm on January 25, 2017 in an effort to rescue herself and significant other from suffering harm and loss from the violent attack of four (4) unknown females, plaintiff Saqueta Williams was arrested by the Philadelphia Police Department and charged by the Office of the Philadelphia District Attorney with violating Section 2701 of the Pennsylvania Crimes Code, 18 Pa.C.S.A. §2701 [relating to Simple Assault]; Section 907 of the Pennsylvania Crimes Code, 18 Pa.C.S.A. § 907 [relating to Possession of Instrument of Crime]; and Section 2705 of the Pennsylvania Crimes Code, 18 Pa.C.S.A. §2705 [relating to Recklessly Endangering Another Person].

30.    On February 12, 2019, following a jury trial convened by the Honorable Philadelphia County Court of Common Pleas Judge Lucretia Clemons, the plaintiff Saqueta Williams was acquitted of all criminal charges lodged against her arising from the June, 9, 2017, incident.

## THE "DO NOT CALL LIST" MAINTAINED BY THE OFFICE OF THE PHILADELPHIA DISTRICT ATTORNEY

31.    Plaintiff Saqueta Williams incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

32.    The Office of the Philadelphia District Attorney maintains a list identifying police officers who have histories of arrests, disciplinary actions, or providing false testimony.

33.    Upon information and belief, the list divides the police officers names appearing on the list into groupings, classifying the police officers whose serious misconduct rendered them problematic as witnesses and others whose offenses were less serious.

34.    Upon information and belief, the Philadelphia District Attorney directed employee prosecutors not to call some of the police officers whose names appear on the list as witnesses to offer testimony in criminal prosecutions.

35.    This list identifying police officers who have histories of arrests, disciplinary actions, or providing false testimony maintained by the Office of the Philadelphia District Attorney has been referred to as the "Do Not Call List" by media sources.

36.    Upon information and belief, the "Do Not Call List" maintained by the

Office of the Philadelphia District Attorney provides a detailed factual summary of the wrongdoing relating to each police officer whose name appears.

37.     Upon information and belief, the "Do Not Call List" maintained by the Office of the Philadelphia District Attorney describes a wide range of wrongdoings relating to officers whose names appear on the list, some of which have no relation to corruption, dishonesty, or perjury.

38.     Upon information and belief, as a result of criminal charges having been lodged against the plaintiff Saqueta Williams arising from the aforementioned January 25, 2017 incident, the Office of the Philadelphia District Attorney included plaintiff Saqueta Williams on the Office of the Philadelphia District Attorney's "Do Not Call List."

39.     Upon information and belief, the summary of facts detailing the alleged wrongdoing of the plaintiff Saqueta Williams which appears in the content of the Office of the Philadelphia District Attorney's "Do Not Call List" does not provide a statement that the plaintiff Saqueta Williams committed acts of dishonesty or corruption.

40.     Upon information and belief, the plaintiff Saqueta Williams was a police officer who was permitted to be called as witness by prosecuting Philadelphia Assistant District Attorneys with the approval of a Deputy Philadelphia Assistant

District Attorney.

## THE DEFAMATORY COMMUNICATION

41.     Plaintiff incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

42.     On or about August 9, 2019, a five (5) part documentary series premiered on Amazon Prime Video entitled *Free Meek*.

43.     The documentary series *Free Meek* has been marketed as a 2019 true-crime documentary about the challenges of American rapper Robert Rihmeek Williams, a/k/a Meek Mill following a disputed 2017 criminal conviction and subsequent violations of probation.

44.     At all relevant times material hereto, the publication, utterance or broadcasting of the communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* was subject to censorship or control of the defendants within the meaning of 42 Pa.C.S.A. §8345.

45.     Investigtive reporter Paul Solotaroff provides commentary in the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* stating that "*There is a reason why people call this town Filthadelhia.*"

46.     Investigtive reporter Paul Solotaroff provides commentary in the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* stating that,

11

"*Now there is a new District Attorney in town, and just the last couple of months we have been learning from the District Attorney's Office about a list of dirty and dishonest cops.*"

47.    Bradley Bridge, Esquire provides commentary in the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* stating that, "*The DA's Office generated a specific list that has 66 names of police officers on it.  There have been findings by the police department the officers have lied to internal affairs, to other police officers, or in court.*"

48.    During the course of the commentary provided by Bradley Bridge, Esquire in the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* a graphic of an image of the plaintiff Saqueta Williams is displayed on screen.

49.    The displaying of the image of the plaintiff Saqueta Williams on screen during the course of the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia,* in conjunction with the commentary provided by investigative reporter Paul Solotaroff, imputes the impression in the minds of the average persons among whom it is intended to circulate that the plaintiff Saqueta Williams was a dirty and dishonest police officer.

50.     The displaying of the image of the plaintiff Saqueta Williams on screen during the course of the commentary provided by Bradley Bridge, Esquire in the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* imputes the impression in the minds of the average persons among whom it is intended to circulate that there have been credible findings made by the Philadelphia Police Department that the plaintiff Saqueta Williams lied to internal affairs, to other police officers, or in court.

51.     The displaying of the image of the plaintiff Saqueta Williams on screen during the course of the commentary provided by Bradley Bridge, Esquire in the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* imputes the impression in the minds of the average persons among whom it is intended to circulate that plaintiff Saqueta Williams lied to the Internal Affairs Division of the Philadelphia Police Department.

52.     The displaying of the image of the plaintiff Saqueta Williams on screen during the course of the commentary provided by Bradley Bridge, Esquire in the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* imputes the impression in the minds of the average persons among whom it is intended to circulate that plaintiff Saqueta Williams lied to other police officers.

13

53.     The displaying of the image of the plaintiff Saqueta Williams on screen during the course of the commentary provided by Bradley Bridge, Esquire in the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* imputes the impression in the minds of the average persons among whom it is intended to circulate that plaintiff Saqueta Williams lied in court and committed the crime of perjury.

54.     The communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* falsely imputes a message to the minds of the average persons among whom it is intended to circulate that plaintiff Saqueta Williams was a dirty and dishonest police officer.

55.     The communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* falsely imputes a message to the minds of the average persons among whom it is intended to circulate that the Philadelphia Police Department made a finding that plaintiff Saqueta Williams lied to internal affairs, to other police officers, or in court.

56.     The communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams that the plaintiff Saqueta Williams was dirty and dishonest police officer; and had lied to internal affairs, to other police officers, or in court were not extemporaneous remarks.

14

57.     The aformentioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* has the impact of tending to harm the reputation of plaintiff Saqueta Williams as to lower her in the estimation of the community.

58.     The aformentioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* has the impact of tending to tarnish the reputation of plaintiff Saqueta Williams and expose her to public hatred, contempt, and ridicule.

59.     The aformentioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek entitled Filthadelhia* as it relates to the plaintiff Saqueta Williams is defamatory in character.

60.     The aformentioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams is defamatory per se.

61.     The aformentioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams is defamatory per se within the meaning of the Restatement (Second) of Torts, Section 570.

62.    The aforementioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams is defamatory per se within the meaning of the Restatement (Second) of Torts, Section 571.

63.    The aforementioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams is defamatory per se within the meaning of the Restatement (Second) of Torts, Section 573.

64.    Upon information and belief, never did the Philadelphia Police Department come to a finding that plaintiff Saqueta Williams ever provided false information or lied to the Internal Affairs Division of the Philadelphia Police Department.

65.    Upon information and belief, never did the Philadelphia Police Department come to a finding that plaintiff Saqueta Williams ever provided false information or lied to other police officers.

66.    Upon information and belief, never did the Philadelphia Police Department come to a finding that plaintiff Saqueta Williams ever lied in court and committed the crime of perjury.

67.     Upon information and belief, never did the Philadelphia Police Department come to a finding that plaintiff Saqueta Williams was a dirty or dishonest police officer.

68.     Upon information and belief, never did the Office of the Philadelphia District Attorney come to a finding that plaintiff Saqueta Williams ever provided false information or lied to the Internal Affairs Division of the Philadelphia Police Department.

69.     Upon information and belief, never did the Office of the Philadelphia District Attorney come to a finding that plaintiff Saqueta Williams ever provided false information or lied to other police officers.

70.     Upon information and belief, never did the Office of the Philadelphia District Attorney come to a finding that plaintiff Saqueta Williams ever provided false information and committed the crime of perjury.

71.     Upon information and belief, never did the Office of the Philadelphia District Attorney come to a finding that plaintiff Saqueta Williams was a dirty or dishonest police officer.

## COUNT I
## DEFAMATION PER SE
## (Saqueta Williams v Roc Nation, LLC)

72.     Plaintiff Saqueta Williams incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

73.     At all relevant times material hereto, plaintiff Saqueta Williams was a private figure.

74.     At all relevant times material hereto, by and through its employees, agents, workers and/or representatives, defendant Roc Nation, LLC exercised control and supervision of the planning and coordination of various aspects of the Season 1, Episode 4 of the documentary series *Free Meek*, including but not limited to, selecting the script; selecting the substance of communication to be broadcasted; selecting the participants; coordinating the writing, directing, and editing of the content of communication; and arranging financing for the project.

75.     At all relevant times material hereto, by and through its employees, agents, workers and/or representatives, defendant Roc Nation, LLC inspected and edited the script of Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* prior to its broadcast or publication.

76.     Defendant Roc Nation, LLC owed the plaintiff Saqueta Williams a duty to exercise due care to ensure that the representations presented in Season 1, Episode 4 of

the documentary series *Free Meek* entitled *Filthadelhia* that plaintiff Saqueta Williams was a dirty and dishonest police officer and that the Philadelphia Police Department made a finding that plaintiff Saqueta Williams lied to internal affairs, to other police officers, or in court were truthful.

77.     Defendant Roc Nation, LLC breached the duty owed to the plaintiff Saqueta Williams by broadcasting or otherwise publishing information representing that plaintiff Saqueta Williams was a dirty and dishonest police officer and that the Philadelphia Police Department made a finding that plaintiff Saqueta Williams lied to internal affairs, to other police officers, or in court without conducting a reasonable investigation as to the truth of the representations.

78.     Defendant Roc Nation, LLC caused the aforementioned communication presented in Season 1, Episode 4 of the documentary series Free Meek entitled *Filthadelhia* relating to the plaintiff Saqueta Williams to be published and circulated with a reckless disregard for the truth.

79.     Defendant Roc Nation, LLC published and circulated the aforementioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams with a high degree of awareness of the probable falsity of the statements.

80.     Defendant Roc Nation, LLC published and circulated the aformentioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams despite having entertained serious doubts as to the truth of the publication.

81.     Defendant Roc Nation, LLC is liable to the plaintiff, by and through its representative, employees, agents or ostensible agents, pursuant to the provisions Section 219 of the Restatement 2nd of Agency.

82.     As a direct and proximate result of the defendant Roc Nation, LLC's aforementioned negligent or malicious acts the plaintiff was caused to suffer a damage to her reputation.

83.     As a direct and proximate result of the defendant Roc Nation, LLC's negligent acts, omissions or failures to act, the plaintiff was caused to suffer discomfort, trauma, humiliation, embarrassment, emotional distress, suicidal ideation, anxiety, depression characterized by feelings of despair, hopelessness, and despondency, some or all of which may be permanent and which may continue indefinitely into the future.

84.     As a direct and proximate result of the defendant Roc Nation, LLC's negligent acts, omissions or failures to act, the plaintiff was caused to suffer physical symptoms and injury characterized by weight loss, sleeplessness, headaches, appetite

loss, and upper abdominal discomfort, described as burning sensation, bloating or gassiness, and nausea.

85.     As a direct and proximate result of the defendant Roc Nation, LLC's negligent acts, omissions or failures to act, the plaintiff has been required to undergo outpatient healthcare, ongoing outpatient healthcare, medical evaluations and may require other medical attention.

86.     As a direct and proximate result of the defendant Roc Nation, LLC's negligent acts, omissions, or failures to act plaintiff was caused to suffer a loss of life's pleasures which may continue indefinitely into the future.

87.     As a direct and proximate result of the defendant Roc Nation, LLC's negligent acts, omissions or failures to act, the plaintiff incurred medical expenses for diagnosis, treatment and care in an effort to cure herself of the illness aforementioned and may incur additional medical expenses continuing on into the future.

88.     As a direct and proximate result of the defendant Roc Nation, LLC's negligent acts, omissions or failures to act, the plaintiff has been caused to expend various and diverse sums of money in an effort to cure herself of the illness aforementioned and may incur additional expenses continuing on into the future.

WHEREFORE, plaintiff Saqueta Williams prays for judgment in her favor and against defendant Roc Nation, LLC, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven at trial;

II.     That plaintiff be awarded punitive damages as proven at trial;

III.    That plaintiff be awarded interest and damages for prejudgment delay.

IV.     That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT II
## DEFAMATION PER SE
## (Saqueta Williams v Robert Rihmeek Williams)

89.     Plaintiff Saqueta Williams incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

90.     At all relevant times material hereto, defendant Robert Rihmeek Williams served as an executive producer in connection with the documentary series *Free Meek* entitled *Filthadelhia.*

91.     At all relevant times material hereto, defendant Robert Rihmeek Williams exercised control and supervision of the planning and coordination of various aspects of the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia,* including but not limited to, selecting the script; selecting the substance of communication to be broadcasted; selecting the participants; coordinating the writing,

directing, and editing of the content of communication; and arranging financing for the project.

92.     At all relevant times material hereto, defendant Robert Rihmeek Williams inspected and edited the script Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* prior to its broadcast or publication.

93.     Defendant Robert Rihmeek Williams owed the plaintiff Saqueta Williams a duty to exercise due care to ensure that the representations presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* that plaintiff Saqueta Williams was a dirty and dishonest police officer and that the Philadelphia Police Department made a finding that plaintiff Saqueta Williams lied to internal affairs, to other police officers, or in court were truthful.

94.     Defendant Robert Rihmeek Williams breached the duty owed to the plaintiff Saqueta Williams by broadcasting or otherwise publishing information representing that plaintiff Saqueta Williams was a dirty and dishonest police officer and that the Philadelphia Police Department made a finding that plaintiff Saqueta Williams lied to internal affairs, to other police officers, or in court without conducting a reasonable investigation as to the truth of the representations.

95.     Defendant Robert Rihmeek Williams caused the aforementioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek*

23

entitled *Filthadelhia* relating to the plaintiff Saqueta Williams to be published and circulated with a reckless disregard for the truth.

96.     Defendant Robert Rihmeek Williams caused the aforementioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams to be published and circulated with a high degree of awareness of the probable falsity of the statements.

97.     Defendant Robert Rihmeek Williams published and circulated the aforementioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams despite having entertained serious doubts as to the truth of the publication.

98.     As a direct and proximate result of the defendant Robert Rihmeek William's negligent or malicious acts the plaintiff was caused to suffer that damage and loss aforementioned.

WHEREFORE, plaintiff Saqueta Williams prays for judgment in her favor and against defendant Robert Rihmeek Williams, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven at trial;

II.     That plaintiff be awarded punitive damages as proven at trial;

III.    That plaintiff be awarded interest and damages for prejudgment delay.

IV.    That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT III
## DEFAMATION PER SE
## (Saqueta Williams v Shawn Corey Carter)

99. Plaintiff Saqueta Williams incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

100.    At all relevant times material hereto, defendant Shawn Corey Carter served as an executive producer in connection with the documentary series *Free Meek* entitled *Filthadelhia.*

101.    At all relevant times material hereto, defendant Shawn Corey Carter exercised control and supervision of the planning and coordination of various aspects of the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia*, including but not limited to, selecting the script; selecting the substance of communication to be broadcast; selecting the participants; coordinating the writing, directing, and editing of the content of communication; and arranging financing for the project.

102.    At all relevant times material hereto, defendant Shawn Corey Carter inspected and edited the script Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* prior to its broadcast or publication.

103.   Defendant Shawn Corey Carter owed the plaintiff Saqueta Williams a duty to exercise due care to ensure that the representations presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* that plaintiff Saqueta Williams was a dirty and dishonest police officer and that the Philadelphia Police Department made a finding that plaintiff Saqueta Williams lied to internal affairs, to other police officers, or in court were truthful.

104.   Defendant Shawn Corey Carter breached the duty owed to the plaintiff Saqueta Williams by broadcasting or otherwise publishing information representing that plaintiff Saqueta Williams was a dirty and dishonest police officer and that the Philadelphia Police Department made a finding that plaintiff Saqueta Williams lied to internal affairs, to other police officers, or in court without conducting a reasonable investigation as to the truth of the representations.

105.   Defendant Shawn Corey Carter caused the aforementioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams to be published and circulated with a reckless disregard for the truth.

106.   Defendant Shawn Corey Carter caused the aforementioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek*

26

entitled *Filthadelhia* relating to the plaintiff Saqueta Williams to be published and circulated with a high degree of awareness of the probable falsity of the statements.

107.   Defendant Shawn Corey Carter published and circulated the aforementioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams despite having entertained serious doubts as to the truth of the publication.

108.   As a direct and proximate result of the defendant Shawn Corey Carter's negligent or malicious acts the plaintiff was caused to suffer that damage and loss aforementioned.

WHEREFORE, plaintiff Saqueta Williams prays for judgment in her favor and against defendant Shawn Corey Carter, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven at trial;

II.     That plaintiff be awarded punitive damages as proven at trial;

III.    That plaintiff be awarded interest and damages for prejudgment delay.

IV.     That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT IV
## DEFAMATION PER SE
## (<u>Saqueta Williams v Wenner Media, LLC d/b/a Rolling Stone Magazine</u>)

109.    Plaintiff Saqueta Williams incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

110.    Defendant Wenner Media, LLC, by and through its employee, agent, worker and/or representative investigative reporter Paul Solotaroff,  made representations regarding plaintiff Saqueta Williams during the course of the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* which imputes the impression in the minds of the average persons among whom it is intended to circulate that the plaintiff Saqueta Williams was a dirty and dishonest police officer.

111.   Defendant Wenner Media, LLC,  by and through its employee, agent, worker and/or representative investigative reporter Paul Solotaroff, made representations regarding plaintiff Saqueta Williams during the course of the Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* which imputes the impression in the minds of the average persons among whom it is intended to circulate that the plaintiff Saqueta Williams lied to internal affairs, to other police officers, or in court.

112.   Defendant Wenner Media, LLC owed the plaintiff Saqueta Williams a duty to exercise due care to ensure that the representations presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* that plaintiff Saqueta Williams was a dirty and dishonest police officer and that the Philadelphia Police Department made a finding that plaintiff Saqueta Williams lied to internal affairs, to other police officers, or in court were truthful.

113.   Defendant Wenner Media, LLC breached the duty owed to the plaintiff Saqueta Williams by making representations, by and through its employee, agent, worker and/or representative investigative reporter Paul Solotaroff, that plaintiff Saqueta Williams was a  dirty and dishonest police officer and that the  Philadelphia Police Department made a finding that plaintiff Saqueta Williams lied to internal affairs, to other police officers, or in court without conducting a reasonable investigation as to the truth of the representations.

114.   Defendant   Wenner   Media,   LLC   caused   the   aforementioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams to be made with a reckless disregard for the truth.

115.   Defendant Wenner Media, LLC made the aformentioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled

*Filthadelhia* relating to the plaintiff Saqueta Williams with a high degree of awareness of the probable falsity of the statements.

116.    Defendant Wenner Media, LLC published and circulated the aformentioned communication presented in Season 1, Episode 4 of the documentary series *Free Meek* entitled *Filthadelhia* relating to the plaintiff Saqueta Williams despite having entertained serious doubts as to the truth of the publication.

117.    Defendant Wenner Media, LLC is liable to the plaintiff, by and through its representative, employees, agents or ostensible agents, pursuant to the provisions Section 219 of the Restatement 2nd of Agency.

118.    As a direct and proximate result of the defendant Wenner Media, LLC's negligent or malicious acts the plaintiff was caused to suffer that damage and loss aforementioned.

WHEREFORE, plaintiff Saqueta Williams prays for judgment in her favor and against defendant Wenner Media, LLC, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven at trial;

II.     That plaintiff be awarded punitive damages as proven at trial;

III.    That plaintiff be awarded interest and damages for prejudgment delay.

IV.    That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Plaintiff v  All Defendants)

119.    The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

120.   At all relevant times material hereto, the defendants owed plaintiff a common law duty not to act in a manner which they should have realized would involve an unreasonable risk of causing the plaintiff to suffer emotional distress, illness, and/or bodily harm.

121.   The defendants knew or reasonably should have known that publishing the aforementioned defamatory communication relating to the plaintiff involved an unreasonable risk that emotional distress would result.

122.   The conduct of the defendants violated the provisions of the Section 313 of the Restatement 2nd of Torts.

123.   As a result of the defendants having published falser information regarding the plaintiff, the plaintiff was caused to suffer fear, anxiety, panic and emotional trauma.

124.   The emotional distress suffered by the plaintiff as a direct and proximate result of the defendants has caused the plaintiff to experience illness and bodily harm.

125.   As a direct and proximate result of the defendants or their authorized agents, ostensible agents, servants, workman and/or employees' reckless and indifferent actions, omissions, or failures to act as set forth herein, plaintiff was caused to suffer emotional distress, grief, and fright to a degree that no reasonable person should be expected to endure.

WHEREFORE, the plaintiff Saqueta Williams prays for judgment in her favor and against the defendants, jointly and severally, and the relief which follows:

I.   That plaintiff be awarded compensatory damages as proven at trial;

II.   That plaintiff be awarded interest and damages for prejudgment delay;

III.   That plaintiff be awarded further relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

126.   The  plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

127.   Trial by jury is demanded in the above entitled cause.

Respectfully submitted,

By:   */s/ Steven F. Marino*
       Steven F. Marino, Esquire
       PA Attorney I.D. No.   53034
       Joseph Auddino, Esquire
       PA Attorney I.D. No.   316752
       MARINO ASSOCIATES
       301 Wharton Street
       Philadelphia, Pa  19147
       Telephone:   (215) 462-3200
       Telecopier:   (215) 462-4763
       smarino@marinoassociates.net
       jauddino@marinoassociates.net

       *Attorneys for Plaintiff*

Dated: January 7, 2020